NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TYLER G. MILLER, | No. 19-35542 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05308-RJB |
| v. | |
| STATE OF WASHINGTON, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted September 8, 2020**

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Tyler G. Miller appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging that Wash. Rev. Code § 29A.56.300 *et seq.*,

which provides an alternative process for allocating Washington's electoral votes

for president and vice-president, is unconstitutional.  We have jurisdiction under 28

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo a dismissal on the bases of standing and ripeness.  *Desert Water Agency v. U.S. Dep't of the Interior*, 849 F.3d 1250, 1253 (9th Cir. 2017).  We affirm.

The district court properly dismissed Miller's action for lack of subject matter jurisdiction because Miller failed to establish that he suffered an injury in fact as required for Article III standing, and his claims are not yet ripe.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (elements of Article III standing); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("[W]e have repeatedly reiterated that threatened injury must be certainly impending to constitute injury in fact, and that [a]llegations of possible future injury are not sufficient." (citation omitted)); *see also Texas v. United States*, 523 U.S. 296 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Miller leave to amend his complaint because any amendment would have been futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

**AFFIRMED.**

19-35542